NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ARKEEM DURANT COLEMAN, *Petitioner*.

No. 1 CA-CR 14-0495 PRPC
FILED 7-19-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2009-005080-001
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Mikel Steinfeld
*Counsel for Petitioner*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen, Judge Lawrence F. Winthrop and Judge Randall M. Howe delivered the following decision.

**PER CURIAM**:

¶1        Petitioner Arkeem Durant Coleman petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated below, grant review and deny relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes ("A.R.S.") section 13-4239(C) (2016).[1]

### FACTS AND PROCEDURAL BACKGROUND

¶2        Coleman pled guilty to first-degree murder, an offense he committed in 2009 when he was 17 years old. The superior court sentenced Coleman to a stipulated term of life imprisonment with a possibility of parole after 25 years. While the applicable sentencing statute provided for the possibility of parole after 25 years, as relevant here, the legislature abolished parole in 1993 when it amended A.R.S. § 41-1604.06 (2016). *See* A.R.S. § 13-751(A) (2009) (sentences for first-degree murder); 1993 Ariz. Sess. Laws, ch. 255, § 86 (1st Reg. Sess.) (amending A.R.S. § 41-1604.06). Therefore, at the time the court sentenced Coleman, the only way Coleman could obtain release after 25 years was through commutation of his sentence or pardon. *See* A.R.S. §§ 31-402(C) (2016), -443 (2016). A sentencing scheme that abolishes parole for life sentences and provides for release based only on executive clemency does not provide a meaningful opportunity for release from a life sentence. *See Graham v. Florida*, 560 U.S. 48, 57, 79 (2010).

¶3        Coleman filed a successive notice of post-conviction relief in which he challenged his sentence based on the Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). *Miller* held that a "mandatory life [sentence] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual

---

[1]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

punishments.'" *Id.* at 2460. Coleman argued *Miller* was a significant change in the law that required resentencing.

¶4          The superior court consolidated Coleman's petition with those of a number of other petitioners who raised identical claims. The court ordered the parties to brief whether *Miller* was retroactive and whether the petitioners had cognizable claims given that they had not yet served 25 years of their sentences.[2] The court then held a hearing on the consolidated claims, after which it denied relief. The court held in relevant part that *Miller* was a significant change in the law and was retroactive; that because Arizona law allowed for commutation or pardon after 25 years, it did not mandate life sentences without a possibility of parole for juveniles; but that commutation or clemency did not provide meaningful opportunities for release to offenders sentenced to life with the possibility of release. The court further held, however, that the then-recent passage of House Bill ("H.B.") 2593, which reestablished parole for juvenile offenders sentenced to life imprisonment with a possibility of parole, resolved any issues as to whether Coleman's sentence "violated the letter and spirit of *Miller*." Coleman now seeks review. We review the superior court's summary dismissal of a Rule 32 proceeding for abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016).

## DISCUSSION

¶5          In his petition for review, Coleman argues the superior court deprived him of the opportunity to challenge H.B. 2593 more fully. He argues the court should have granted relief and ordered resentencing so that during those resulting proceedings, Coleman could investigate and present claims that H.B. 2593 and the resulting statutory changes were not retroactive, violated the prohibition against ex post facto laws and did not otherwise satisfy *Miller*.[3]

---

[2]          The superior court's minute entry references a petition for post-conviction relief filed July 1, 2013, which contained "several arguments." The record on review contains no such petition. The record contains only Coleman's notice of post-conviction relief and the brief he filed pursuant to the court's order.

[3]          H.B. 2593 was signed into law less than two weeks before oral argument in the superior court. H.B. 2593, 51st Leg., 2d Reg. Sess. (Ariz. 2014). Coleman did not raise these issues before the oral argument.

**¶6** We deny relief. First, *Miller* is a significant change in the law and is retroactive. *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016); *State v. Valencia*, 239 Ariz. 255, 259, ¶ 17 (App. 2016). Second, "A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, 136 S. Ct. at 736. Assuming *arguendo* that Coleman's sentence violated *Miller*, H.B. 2593 and the resulting statutory changes remedied that violation because they permit "juvenile homicide offenders to be considered for parole[.]" *See id.* Through H.B. 2593, the legislature enacted A.R.S. § 13-716 (2016) and amended A.R.S. § 41-1604.09(I) (2016). 2014 Ariz. Sess. Laws, ch. 156, §§ 2-3 (2d Reg. Sess.). Arizona law now provides:

> Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994.

A.R.S. § 13-716. Further, any person sentenced to life imprisonment and who is eligible for parole pursuant to A.R.S. § 13-716 is now expressly subject to the parole eligibility provisions of A.R.S. § 41-1604.09. A.R.S. § 41-1604.09(I)(2). Addressing Coleman's other contentions, this court has already considered and rejected arguments regarding the retroactivity of H.B. 2593 and the resulting legislative changes. *See State v. Vera*, 235 Ariz. 571, 576, ¶¶ 21-22 (App. 2014) (H.B. 2593 not impermissibly retroactive and does not impermissibly infringe "on the role of the judiciary").

**¶7** In sum, Coleman now has a meaningful opportunity to be placed on parole once he completes 25 years of his sentence. This remedies any theoretical violation of *Miller*.

## CONCLUSION

**¶8** For the reasons stated, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court

FILED: AA